IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


Zhiyong YANG (A75-462-779),          :
                                      :
        Plaintiff                     :
                                      :
            v.                        :
                                      :   Civil No. _____
Michael CHERTOFF, Secretary,          :
Dept. of Homeland Security,           :
Emilio T. GONZALEZ, Director, U.S.    :
Citizenship & Immigration Services,   :   COMPLAINT CHALLENGING
Paul NOVAK, Director, U.S.C.I.S.      :   AGENCY ACTION AS
Vermont Service Center,               :   *ULTRA VIRES* AND TO COMPEL
Donald MONICA, District Director,     :   AGENCY ACTION; PETITION
U.S.C.I.S. Philadelphia District      :   FOR WRIT OF *MANDAMUS*
Robert S. MUELLER, III, Director      :
Federal Bureau of Investigation,      :
                                      :
    in their official capacities,     :
                                      :
        Defendants                    :


## PRELIMINARY STATEMENT

1.   This is a civil action challenging federal administrative agencies' policies, procedures and interpretations of law as *ultra vires* and seeking to compel agency action unreasonably delayed pursuant to 5 U.S.C. § 555(b) and § 706(1), with an alternative petition for *mandamus* relief pursuant to 28 U.S.C. § 1361.

2.   Plaintiff Yang has filed an Application for Naturalization, but the Defendants have refused or willfully failed to process or adjudicate Plaintiff's Application for

several years.  Plaintiff has made numerous attempts to have

Defendants adjudicate his application.  Plaintiff has no other

administrative remedy available to compel Defendants to act.

Defendants' willful failure to adjudicate Plaintiff's

application causes irreparable harm to Plaintiff by depriving

him of the rights and privileges of citizenship.

3.   Defendants have continually refused or failed to

perform statutory and regulatory duties owed to the Plaintiff.

Accordingly, Plaintiff is seeking injunctive and *mandamus* relief

arising out of the unlawful and unreasonably delayed actions of

the Defendants.

JURISDICTION

4.   This Court has federal question jurisdiction over this

action pursuant to 28 USC § 1331, as Plaintiff's claims arise

under the laws of the United States, particularly *The Homeland*

*Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as

amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 U.S.C.

§ 1103, § 1105 § 1421, § 1427(a), § 1443(a), § 1446(b), 28

U.S.C. § 534(a)(4), and related agency regulations.

5.   This Court also has jurisdiction to issue a writ of

*mandamus* to compel agency action under 28 U.S.C. § 1361, as the

Plaintiff's claims are against officers and employees of the

United States and agencies thereof.

6.    There are no administrative remedies available to Plaintiff to redress the grievances described in this complaint. This action challenges the Defendants' procedural policies, practices, interpretations of law and their failure to act, not the discretionary granting or denial of individual petitions or applications.   Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

VENUE

7.    Venue lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(e)(1), as this is an action against officers and employees of the United States acting in their official capacities.   Defendant Donald Monica performs a significant amount of his official duties and maintains an office in Philadelphia, Pennsylvania.

8.    Venue lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(e)(2), as a substantial part of the events and failures to act giving rise to the Plaintiff's claims occurred in the Eastern District of Pennsylvania, namely at Defendant Monica's office in Philadelphia, Pennsylvania.

9.    Venue also lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(3), as this is an action against officers and employees of the United States acting in their official capacities brought in the district where the Plaintiff resides. This suit does not involve real property.

3

PARTIES

10.   Plaintiff Yang is a citizen of China and a permanent resident of the United States.  Plaintiff is an applicant for naturalization, residing in Collegeville, Montgomery County, Pennsylvania.

11.   Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

12.   Defendant Emilio T. Gonzalez is Director of the U.S. Citizenship and Immigration Services (USCIS), a subdivision of DHS, whose office address is USCIS, 20 Massachusetts Ave., NW, Washington, D.C. 20529.

13.   Defendant Paul Novak is the Director of the USCIS Vermont Service Center, whose office address is USCIS Vermont Service Center, 75 Lower Welden Street, St. Albans, Vermont 05478.

14.   Defendant Donald Monica is the District Director of the USCIS Philadelphia District Office, whose office address is USCIS Philadelphia District Office, 1600 Callowhill Street, Philadelphia, Pennsylvania 19130.

15.   Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

4

16. Each Defendant is sued in his official capacity. Defendants Chertoff, Gonzalez, Novak and Monica are responsible for the adjudication, grant and denial of Applications for Naturalization filed by applicants in Pennsylvania, including Plaintiff, pursuant to *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 U.S.C. § 1103, 8 U.S.C. § 1421, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a) and 8 C.F.R. Part 335. Defendant Mueller is responsible for providing criminal background information, if any, and name verification records relating to aliens within the United States, including applicants for Naturalization, pursuant to 28 U.S.C. § 534(a)(4), 8 U.S.C. § 1105(b), 8 U.S.C. § 1182(a)(2), 8 U.S.C. § 1227(a)(2) and 28 C.F.R. §§ 20.31 and 28 C.F.R. § 20.33(a)(2).

## STATEMENT OF THE CASE

17. On or about January 4, 2002, the legacy Immigration and Naturalization Service, the predecessor agency of USCIS, admitted Plaintiff to the United States as a lawful permanent resident. Plaintiff's alien identification number is A75-462-779.

18. On or about October 21, 2004, Plaintiff completed and filed an appropriate Application for Naturalization on Form N-400 along with the required filing fee of $390 with the USCIS Vermont Service Center, applying to become a citizen of the

5

United States.   The Vermont Service Center issued Form I-797 on November 4, 2004, indicating receipt of Plaintiff's Application. The Plaintiff's applicant number is ESC*001325676.

19.   On January 29, 2005, Plaintiff followed the instructions of USCIS and provided his biometric data, including fingerprints, to an agent or employee of USCIS at the USCIS Applicant Support Center in Philadelphia.

20.   On May 10, 2005, Defendant Monica instructed Plaintiff to attend an interview in connection with Plaintiff's Application.   On June 27, 2005, Defendant Monica cancelled Plaintiff's interview "due to unforeseen circumstances."

21.   Plaintiff's Application has been pending for two years and five months.   The published processing time for N-400 Applications is 5.57 months, 72 Fed. Reg. 4888, 4893 (USCIS) (Feb. 1, 2007), which places the adjudication of Plaintiff's Application nearly two years behind the USCIS processing schedule.

22.   Plaintiff has been unable to have Defendants complete the adjudication of his N-400 Application.   Attempts by Plaintiff to have his Application adjudicated through status inquiries and Congressional liaison inquiries have failed to move the Defendants to act.   Plaintiff has exhausted his administrative remedies.

23.   The Defendants' failure to adjudicate Plaintiff's Application prevents and delays Plaintiff's ability to obtain the rights and privileges of U.S. citizenship.

24.   Upon information and belief, the FBI has failed to issue to USCIS the results of a criminal background check and/or name check relating to the Plaintiff in connection with the Plaintiff's Application.

25.   On December 23, 2006, Plaintiff filed his first civil action *pro se* with this Court seeking similar relief (06-cv-05619-PBT).   The Defendants filed a Motion to Dismiss on February 26, 2007.   Plaintiff struggled to research the points of law raised in Defendants' Motion, and was unable to file a timely opposition memorandum.   By the time Plaintiff sought assistance of counsel, the suit was dismissed without prejudice based on Plaintiff's failure to respond to Defendants' Motion.

CAUSES OF ACTION

Count I

*(Non-statutory Action for Non-monetary Relief)*

26.   Plaintiff incorporates paragraphs 1 through 25 as if fully stated in this count.

27.   The policies, procedures and interpretations of law that have caused or given rise to Defendants' failure to adjudicate Plaintiff's Application are *ultra vires.*

7

28. Defendants have disregarded specific and unambiguous statutory directives to adjudicate Plaintiff's application.

Count II

*Violation of Administrative Procedure Act*

29. Plaintiff incorporates paragraphs 1 through 25 as if fully stated in this count.

30. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

(a) "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1);

(b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 U.S.C. § 555(b);

(c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. § 706(2)(A); and

(d) "without observance of procedures required by law," under 5 U.S.C. § 706(2)(D).

31. As a result, Plaintiff has suffered irreparable harm entitling her to injunctive and other relief.

Count III

*Petition for Mandamus*

32.   Plaintiff incorporates paragraphs 1 through 25 as if fully stated in this count.

33.   Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, as amended by *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003). Defendants Chertoff, Gonzalez, Novak and Monica have sole responsibility for the adjudication of Applications for Naturalization filed under 8 U.S.C. § 1421.   Defendant Mueller has sole responsibility to provide criminal background and name verification records to USCIS officials, pursuant to 8 U.S.C. § 1105(b) and 28 U.S.C. § 534(a)(4).   Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

34.   Plaintiff has a clear right to have his application adjudicated pursuant to the *Immigration and Nationality Act*, as amended.

35.   Plaintiff has no administrative remedies available to compel Defendants to perform their statutory and regulatory duties.

36.   Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff

9

so that Plaintiff may be promptly informed of the outcome of her Application.

Count IV

*Equal Access to Justice Act*

37.   Plaintiff incorporates paragraphs 1 through 36 as if fully stated in this count.

38.   If Plaintiff prevails, he will seek attorney's fees and costs, pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412.

RELIEF REQUESTED

39.   Wherefore, Plaintiff prays that this Court:

(a) Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiff's Application;

(b) Order Defendants Chertoff, Gonzalez, Novak and Monica to perform their duties and immediately adjudicate Plaintiff's Application;

(c) Order Defendant Mueller to perform his duty and immediately issue the results of a criminal background check and/or name check to USCIS relating to Plaintiff;

(d) Award the Plaintiff attorney's fees and costs under the *Equal Access to Justice Act;* and

(e) Grant such other relief as the Court deems just, equitable and proper.

10

Respectfully Submitted,


_____HRK7078_____                          Dated: March 29, 2007

H. Ronald Klasko
Attorney for the Plaintiff
PA Attorney No. 20384

Klasko, Rulon, Stock & Seltzer, LLP
1800 J.F. Kennedy Blvd., Suite 1700
Philadelphia, PA  19103
Phone: 215-825-8600

11